OPINION — AG — A STATE EMPLOYEE CANNOT BE GIVEN CREDIT FOR PRIOR SERVICE FOR TIME SPENT AS A CIVILIAN PRISONER OF WAR IN DETERMINING HIS STATE REQUIREMENT BENEFITS BECAUSE HE DOES NOT COME WITHIN THE STATUTORY DEFINITION OF " VETERAN ". FURTHER, ONLY THOSE PERSONS CERTIFIED AS TO A PRISONER OF WAR BY THE WAR VETERANS COMMISSION ARE ENTITLED TO PURCHASE A POW LICENSE PLATE. CITE: 74 O.S. 1979 Supp., 913 [74-913](1)(D), 72 O.S. 1979 Supp., 67.13 [72-67.13](A), 74 O.S. 1979 Supp., 902 [74-902](23), 47 O.S. 1979 Supp., 22.4 [47-22.4](C) (LARRY OAKS) FILENAME: m0010003 Representative David Riggs Attorney General of Oklahoma — Opinion October 9, 1980 JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA The Attorney General is in receipt of your request for an opinion wherein you ask, in effect: Is a state employee allowed credit for prior service for time spent as a civilian "prisoner of war" in determining his state retirement benefits and are "prisoners of war" permitted to acquire free license plates? State employees who are veterans of military service, as is defined in 74 O.S. 902 [74-902](23) (1979), may receive credit for prior service for their period of military service in determining state retirement benefits as provided by 74 O.S. 913 [74-913](1)(d) (1979). Title 72 O.S. 67.13a [72-67.13a] (1979) defines a war veteran as a person who: "(a) served in the Armed Forces of the United States at any time during the period from April 6, 1917 to November 11, 1918, both dates inclusive, or "(b) served in the Armed Forces of the United States at any time during the period of December 7, 1941, and December 31, 1946, both dates inclusive, or "(c) served in the Armed Forces of the United States at any time during the period of June 27, 1950, and January 31, 1955, both dates inclusive, or "(d) served for a period of ninety (90) days or more (unless discharged from active duty for a service-connected disability) in the Armed Forces of the United States during the period of time in which the United States participated in a war, campaign or battle, but excluding any person who shall have served on active duty for training only, unless discharged from active duty for service-connected disability, or "(e) served in the Armed Forces of the United States in a combat zone or in the immediate supporting area of the combat zone as certified by the War Veterans Commission of Oklahoma, prior to August 5, 1964, or "(f) served in the Armed Forces of the United States at any time during the period which began on August 5, 1964, and ended on May 7, 1975; except that such period shall be deemed to have ended on December 31, 1976, when determining eligibility for education and training benefits." Title 47 O.S. 22.4 [47-22.4](c) (1979) provides: "A. The Oklahoma Tax Commission shall take applications by October 1 of each year for the following calendar year and in the same manner as provided by law for the issuance of other special motor vehicle tags shall issue one special license plate for each motor vehicle to former or present members of the United States Armed Forces who were former prisoners of war held by a foreign country; provided that showing shall be made by the former prisoner of war to the Commission or its agents, as to his ownership of such motor vehicle and proper certification from the War Veterans Commission of Oklahoma that applicant is or was a member of the United States Armed Forces and is a former prisoner of war held by a foreign country. The special license plate and fee shall be in addition to the regular license plate and fees charged therefor and shall be attached to the front of the motor vehicle. "B. The annual cost of the special license fee and plate shall be the sum of Two Dollars ($2.00) for each year or part thereof. The revenue collected shall be deposited in the State Treasury and apportioned as provided by law for such motor vehicles. "C. The special license plates shall have indicated across the top the year for which issued followed by 'OKLAHOMA IS OK'. In the center of the plates shall be words 'EX-POW' printed in large letters." It is, therefore, the official opinion of the Attorney General that a state employee cannot be given credit for prior service for time spent as a civilian prisoner of war in determining his state retirement benefits because he does not come within the statutory definition of "veteran." Further, only those persons certified as a prisoner of war by the War Veterans Commission are entitled to purchase a POW license plate. (LARRY OAKES) (ksg)